UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK ALDEN, an individual, and<br>TUNGALAG HAS-OCHYR, an individual,<br><br>          Plaintiffs,<br><br>v.<br><br>SETERUS, INC., a Foreign Corporation doing business in the State of Nevada;<br>SAFEGUARD PROPERTIES, LLC, a Foreign Corporation doing business in the State of Nevada; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>          Defendants. | 02:12-CV-01551-LRH-PAL<br><br>ORDER |

This is a tort and contract dispute. Before the court is defendant Seterus, Inc.'s ("Seterus'") Motion for Summary Judgment (#7[1]), which defendant Safeguard Properties, LLC ("Safeguard") has joined (#9). Plaintiffs Mark Alden ("Alden") and Tungalag Has-Ochyr ("Has-Ochyr") have responded (#15), and Seterus has replied (#18). Also before the court is Seterus' Objection to Alden and Has-Ochyr's evidence at summary judgment (#19).

///

---

[1] Refers to the court's docket number.

## I.     Facts and Procedural History

Plaintiffs Alden and Has-Ochyr are husband and wife. Has-Ochyr owns an investment property in Las Vegas, Nevada–a condominium she rents out–which she refinanced in September 2006 with Bank of America, N.A. (Seterus' Motion for Summary Judgment ("MSJ") #7, Ex. D.) On October 1, 2011, Seterus began servicing Has-Ochyr's mortgage loan on behalf of Bank of America. (*Id*. at Ex. B, ¶ 7.)

On October 10, 2011, Alden called Seterus' customer service department to inform them that Has-Ochyr's property was a rental condo, that it was inhabitable and vacant, and that there may be mold on the property. (*Id*. at Ex. B, ¶ 11.) Seterus then instructed Safeguard, its agent for the preservation of the property, to investigate. Finding the condo to indeed be vacant and with a broken window, Safeguard installed new locks with Seterus' authorization. (*Id*. at Ex B, ¶¶ 14-15.)

On October 24, 2011, Alden called Seterus again to inform them that he would replace the new locks and seek reimbursement for the associated expense. (*Id*. at Ex. B, ¶¶ 18-19.) Finally, on October 28, Alden called to report a break-in and the loss of his contractors' equipment. (*Id*. at ¶¶ 21-22.) Apparently, the condo was undergoing renovations. (*Id*. at Ex. B, ¶ 22.)

This suit followed in Nevada state court, and the defendants removed on the basis of diversity. Alden and Hays-Ochyr have alleged the following claims against Seterus and Safeguard: breach of contract, trespass, conversion, and emotional distress. Both defendants now move for summary judgment.

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Community Hospital*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson School District No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.    Discussion**

Summary judgment is appropriate on every claim except the trespass claim.

**A.  Breach of Contract**

Alden and Hays-Ochyr allege that "Seterus breached it[s'] contract with [them] by ordering a lockout of [their] property when [they] were current on their mortgage payments." (Petition for Removal #1, Ex. A, p. 4.) Underpinning this claim is Alden and Has-Ochyr's belief that "Seterus [is] the mortgage lender for [Alden and Has-Ochyr's] property." (*Id.*)

This belief is mistaken, and therefore the breach of contract claim must fail. Seterus has presented undisputed evidence that Bank of America, not Seterus, is the lender of the note securing Has-Ochyr's property. (Seterus' Motion for Summary Judgment ("MSJ") #7, Ex. D.) Instead, Seterus acted as the servicing agent for Bank of America. But since an agent for a party to a contract is not liable for breach, *Gruber v. Baker*, 23 P. 858, 861 (Nev. 1890), Seterus is not liable for the breach alleged here. *See also McKenzie v. Wells Fargo Bank, N.A.*, 2013 WL 1087844 at *6, — F. Supp. 2d --- (N.D. Cal. Mar. 14, 2013) ("If Wells was acting as servicer, and not as Lender ... it could not be sued for breach of contract since it is not a party to the contract.").

**B. Trespass**

Alden and Has-Ochyr have also alleged a trespass claim against Safeguard. Safeguard responds that its actions were permitted under the terms of Has-Ochyr's deed. To sustain a trespass action, Alden and Has-Ochyr must show that a property right was invaded. *Lied v. Clark County*, 579 P.2d 171, 173 (Nev. 1978). No property right was invaded if Safeguard was acting pursuant to a reserved right of entry. *See Winchell v. Schiff*, 193 P.3d 946, 952 (Nev. 2008).

Here, Has-Ochur's deed requires her to refrain from allowing the property to "deteriorate." (Seterus' MSJ #7, Ex. D, p. 7.) If Has-Ochyr violates this requirement, or if the property is abandoned,

> then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property . . . including . . . securing and/or repairing the Property. . . . Securing the Property includes, but is not limited to, entering the Property to make repairs, *change locks*, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions and have utilities turned on or off.

(*Id*. at Ex. D, pp. 7-8 (emphasis added).)

Here, there is a genuine issue of material fact as to whether Has-Ochyr had allowed her property to "deteriorate" within the meaning of the deed. First, Alden notified Seterus that the property was a rental property, that it was currently vacant, and that "there may be mold at the property." (Seterus' MSJ #7 at Ex. B, ¶ 11.) This notification likely does not establish deterioration within the meaning of the deed. While, upon investigation, Safeguard identified broken windows

4

and disconnected utilities (*id.* at Ex. B, ¶¶ 14-15), the evidence suggests that the utilities were disconnected because the condo was being renovated. (Id. at Ex. B, ¶ 21; Alden and Has-Ochyr's Opposition #15, p. 6.) Since there is a reasonable dispute as to whether Has-Ochyr had allowed her property to deteriorate, there is also a genuine issue of material fact as to whether Safeguard invaded Alden and Has-Ochyr's property rights by replacing their locks. Summary judgment is therefore inappropriate.

### C. Conversion

Alden and Has-Ochyr have also lodged a conversion claim against both Seterus and Safeguard. To recover, Alden and Has-Ochyr must show that Seterus and Safeguard wrongfully exercised dominion or control over the Alden and Has-Ochyr's personal property in denial of, or inconsistent with, their title or rights in the property. *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000).

Drawing all reasonable inferences in favor of Alden and Has-Ochyr, *Matsushita*, 475 U.S. at 587, summary judgment is appropriate. In particular, Alden and Has-Ochyr have failed to identify any of their personal property over which Seterus and Safeguard "wrongfully exercised dominion or control." *Evans*, 5 P.3d at 1048. Alden and Has-Ochyr note that "personal property . . . was lost as a result of the lockout," but they do not allege (nor provide evidence) that Seterus or Safeguard caused this loss by exercising dominion or control over that property. Therefore, this claim does not sound in conversion, and summary judgment is warranted.

### D. Emotional Distress

Alden and Has-Ochyr's final claim against both defendants is one for intentional infliction of emotional distress. A claim for intentional infliction of emotional distress requires a showing that (1) the defendant's conduct was "extreme and outrageous," (2) that the defendant acted with the intention to cause the plaintiff severe emotional distress, or with reckless disregard for the probability of causing such distress, and (3) actual or proximate causation. *See Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993). Extreme and outrageous conduct is conduct which is

5

"outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (quotation marks omitted).

Getting locked out of one's property is an annoyance; it is not "regarded as utterly intolerable in a civilized community." Since annoyances generally do not give rise to emotional distress damages, *see Oates v. Discovery Zone*, 116 F.3d 1161, 1174 (7th Cir. 1997), summary judgment on the emotional distress claim is appropriate. *See also Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 744 (8th Cir. 1999) (holding that the defendant's lockout of a mentally ill patient from a group home did not rise to the level of "extreme and outrageous").

## IV.    Conclusion

Finally, Safeguard argues that, since it was acting as Seterus' agent, the court must grant judgment to Safeguard if the court grants judgment to Seterus. In a tort claim, "[t]he agent [may] himself [be] liable whether or not he has been authorized or even directed to commit the tort. This, of course, does not mean that the principal [may] not [be] liable nor that the tortious action may not be regarded as the action of the principal." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 694 (1949).

Here, Alden and Has-Ochyr have only identified Safeguard as a defendant in the trespass claim. While Safeguard may have a claim against Seterus, Safeguard's status as Seterus' agent does not merit judgment in its favor.

IT IS THEREFORE ORDERED that Seterus' Motion for Summary Judgment (#7) is GRANTED. The Clerk of Court is directed to enter judgment against Alden and Has-Ochyr and in favor of Seterus.

IT IS FURTHER ORDERED that Seterus' Objection to Alden and Has-Ochyr's evidence at summary judgment (#19) is DENIED as moot.

///

IT IS FURTHER ORDERED that Safeguard's Motion for Summary Judgment (##7, 9) is DENIED as to the trespass claim and GRANTED as to the remaining claims.

IT IS SO ORDERED.

DATED this 29th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE